## CIRCUIT COURT OF WARREN COUNTY

Bill W. Voss

    v.

Teofilo A. Puray

July 1, 1986

Case No. (Law) 7331

By JUDGE HENRY H. WHITING

I have now had a chance to research further the claim of the father for "great mental and emotional distress attendant to witnessing the birth, suffering, severe neurologic damage and physical malformation of his only child." There would have been very little doubt of the ruling prior to *Naccash v. Burger*, 223 Va. 406 (1982), based on the exception to the general rule precluding damage for emotional distress in the absence of physical injury. Indeed, cases in other jurisdictions would indicate that there could be no such recovery. *Howard v. Lesher*, 42 N.Y.2d 109, 366 N.E.2d 64 (parents' right to recover damages because of birth of child afflicted with Tay-Sach disease denied); *Vaillancourt, Adm'r. v. Medical Center Hospital of Vermont, Inc., et al.*, 425 A.2d 92 (Vt. 1980) (father held not entitled to recover damages for emotional distress in witnessing the fetal death of his child; the mother was entitled to recover since the fetus was then unborn the mother was necessarily within the zone of danger and subject to a reasonable fear for her own life). *Naccash* allowed both parents to recover damages against a physician who negligently failed to diagnose the parents as carriers of a crippling disease likely to be transmitted to their unborn child by reason of the mislabeling of the test tubes of the blood of one of them. The Court expressly

created another exception in this kind of case since it said the provisos of the earlier cases of *Hughes v. Moore*, 214 Va. 27, 34 (1973), and *Womack v. Eldridge*, 215 Va. 338, 342 (1974), "designed to discourage spurious claims asserted by chance witnesses to physical torts involving others [did not exist]. No one suggests that the [parents'] emotional distress was feigned or that their claim was fraudulent."

I believe this father's claim is so close to that of the father in the *Naccash* case as to be indistinguishable and, paraphrasing *Naccash*:

> It would be wholly unrealistic to say that [the father was a] mere witness to the consequences of the tortious conduct involved in this case . . . his emotional distress pleaded was no less a direct result of wrongful conduct than the distress endured by the plaintiffs in *Hughes* and *Womack*; the pleadings allege an unbroken chain of causal connection directly linking the negligent delivery. . . and the emotional distress the father suffered following the birth of his allegedly crippled child.

The demurrer will therefore be overruled.